FILED: 2/24/2020 5:07 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Envelope No. 41106218
Reviewed By: Justin Rhodes

CAUSE NO. B200065-C

| | | |
|---|---|---|
| JANE and JOHN DOE Individually and as Next Friends of "SonDOE", Their Minor Son, *Plaintiffs* | § § § § § § § § § § § | IN THE DISTRICT COURT<br><br>ORANGE COUNTY, TEXAS<br><br>163rd JUDICIAL DISTRICT<br><br>TRIAL BY JURY DEMANDED |
| v. | | |
| BRIDGE CITY I.S.D., *Defendant* | | |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Jane and John Doe ("Jane and John") individually and for and as next friend of their minor son "SonDoe" (cumulatively "Plaintiffs" or "Does"), complaining of Defendant, Bridge City I.S.D. ("Defendant" or "BC"); and for cause, Plaintiffs would show the following:

### PARTIES

1. At all times material hereto, Plaintiffs were residents of Orange County, Texas; but because of the events made the subject hereof, for far of

1

their son's safety, Plaintiffs have relocated and moved to another state.

2. Defendant BC is a public school district in Texas, and may be served with process herein by serving its Superintendent at by serving the Superintendent of BC at 1031 W. Roundbunch Rd., Bridge City, Texas, 77611.

### STATEMENT OF CLAIMS

3. Plaintiffs, Does individually and as next friends of their son complain of Defendants' violation of their son's Constitutional rights under the Fourteenth Amendment to the Constitution of the United States secured to him by the United States Constitution and enforceable not merely by Article VI, Clause 2 of the United States Constitution (the Supremacy Clause) through the Texas Constitution Article One, but by Title 42 U.S. Code Sections 1983 (and 1988).

4. Defendant deprived SonDoe of his protected liberty interest to bodily integrity/security without due process of law.

5. Moreover, Defendant failed to protect SonDoe from another aggressive and comparatively larger male student "D" who was known to have a history of having bullied SonDoe, and physically attacked SonDoe.

6. With knowledge of D's proclivity to bully SonDoe and D's leadership of other athletic male students Defendant through its administrators and staff failed to properly supervise E and the male students of which E was the known leader, and as a result SonDoe was brutally beaten on February 22, 2018 at the boy's locker room Bridge City Middle Campus.

## **SUMMARY OF RELIEF SOUGHT BY PLAINTIFFS**

7. Plaintiffs seek injunctive and declaratory relief, compensatory damages, attorney's fees, and litigation expenses.

## JURISDICTION AND VENUE

8. Although this action is brought pursuant to Title 42 U.S. Code Section 1983, jurisdiction is conferred on this state.

9. Venue is appropriate and proper in this cause in Orange County because Defendant is situated in Orange County.

## STATEMENT OF FACTS

10. Defendant's Coach "Staff 1" assigned the male students, including D and SonDoe, to go to the Middle School boy's locker room without supervision.

11. During an unsupervised or monitored game in the locker room, SonDoe fell and was on the floor; and while SonDoe was on the floor, D began to beat him in the head and around SonDoe's upper body with a backpack filled with weights.

12. A coach in another part of the building (Staff 2" heard the noise from the locker room, entered the closed boy's locker room, saw SonDoed on the floor in

4

an apparent injured state with the other boys standing around him, merely told the boys to be quiet or "keep it down" and left the locker room without further inquiry.

13. SonDoe suffered very serious concussive head injuries that include but are not limited to facial bruising and a concussion.

14. When Jane Doe complained to Defendant about what had happened to her son, there was modest punishment handed out to the group, except SonDoe the victim.

15. Later Staff 1 pulled SonDoe aside and criticized him for having eluded the punishment assessed against his classmates and D.

16. Originally misinformation/disinformation about the episode was intentionally or by reason of gross negligence given to SonDoe's parents, Jane Doe and SonDoe's father by Defendant's authorized school personnel.

17. On Friday, April 13, 2018, Staff 1, rankled that JaneDoe nd SonDoe's father had ctiticized his conscious indifference to the wellbeing and safety of SonDoe before allowing the dangerous situation of D being alone with SonDoe to be set up o occur in the first place ridiculed SonDoe in the presence of his classmates.

18. Evidence of Staff 1's continuing callous indifference to the welfare and safety of SonDoe at the hands of D, Staff 1 placed Ethan in an isolated area at the school, telling SonDoe to go out of the back door, to an area where Staff 1 **knew** D would soon be exiting and entering from an inschool discipline program (DAEP), a program supervised by Staff 1's wife.

19. Staff 1 was deliberately attempting to arrange a confrontation between SD and SonDoe.

20. SonDoe was placed in medical treatment because of the injuries inflicted on him by D on February 22, 2018.

21. Each day SonDoe and his parents,

## CAUSE OF ACTION

### 42 U.S. Code § 1983, Civil Action for Deprivation of Rights

22. Does are qualified persons, SonDoe had a special relationship with BC as a public school district which require students attendance, and Defendant had a duty to supervise its students to keep students reasonably safe.

23. BC had a specific duty to supervise the enrolled students including D, SonDoe as well as the other enrolled and present students marooned in the boys locker room by Staff 1's orders on February 22, 2018 who were left to their own devices (much like in Golding's **Lord of the Flies**) by policy and state law, and by BC's failure to supervise (including training of Staff 1 and Staff 2 and follow policy and state law)BC deprived SonDoe and Does of their respective constitutional rights.

24. Further, when Jane and John Doe inquired about the events complained of herein and the safety of their children enrolled in BC, the staff members of BC owed the duty of honesty and candor and completeness of divulgence of accurate facts to Does.

25. There was some type of relationship between BC and SonDoes which distinguished SonDoe from the public t larger, by not supervising students, especially in situations where D, a known antagonist of SonDoe, was able to goad or attack SonDoe or others, BC created an opportunity for the infliction of harm upon SonDoe which would not have otherwise existed.

26. As evidenced by the facts herein, and by BC's ratified use of falsehoods by its administrators and third party staff, in the processing of Does grievances or complaints about the attack on and injury to SonDoe, Defendant has established that its conduct was willful and an intentional disregard of SonDoe's safety.

27. Section 1983 imposes an obligation upon entities such as schools to protect the liberties of its students from known to be dangerous environments. **Doe v. Hillsboro Indep. Sch. Dist.**, 113 F.3d at ___; and " officials, however, may be liable when enforcement of a policy or practice results in a deprivation of federally protected rights. *See Doe v. Dallas Indep. Sch. Dist.*, <u>153 F.3d 211, 215-16</u> **(5th Cir. 1998)." Alton v. Texas A&M Univ., 168 F.3d 196, 200 (5th Cir. 1999).** Defendants deprived SonDoe of his constitutional rights by failing to provide adequate supervision of students in locker room and protecting Ethan Hart from a student in which reports of bullying had been made.

## <u>COMPENSATORY DAMAGES</u>

28. Plaintiffs seek reimbursement of compensatory damages for physical harm to SonDoe foreseeably and proximately caused by BC's improper supervision of students, and training of its staff, and its attempt to coverup its staff's misconduct toward SonDoe.

## DECLARATORY JUDGMENT

29. Plaintiff is entitled to a declaratory judgment declaring Defendant's to have violated Does' Constitutional Rights.

## ATTORNEY'S FEES AND COSTS

30. Plaintiff is entitled to reasonable attorney's fees, litigation costs, and court costs, as allowed by 42 U.S. Code § 1988.

## PRAYER FOR RELIEF

Plaintiff therefore respectfully requests that the Court:

A. Issue a permanent injunction to Defendant, including its agents, servants, employees, and persons acting in concert with them, directing the BC: 1) Commence a training program to prevent incidents like this from happening to other students in the future; 2) Create and implement adequate anti-bullying and hazing policies; 3) assure hazing and bullying no longer occur by

implementing a screening program for students with a propensity for violence;

B. Award Plaintiff Compensatory damages for Defendants' deprivation of Ethan Hart's constitutional liberties;

C. Award Attorney's fees, litigation expenses, pre and post-judgment interest, costs; and

D. All other relief to which Plaintiff may be entitled.

Respectfully submitted,
/s/Larry Watts
Larry Watts SBN 20981000

WATTS & Company Lawyers, LTD
Larry Watts
SBN 20981000
PO Box 2214
Missouri City, Texas 77459
Phone (281) 431-1500
Fax (877) 797-4055
Wattstrial@gmail.com